NO. PD-1544-14     **1544·14**

IN THE

ORIGINAL     COURT OF CRIMINAL APPEALS
OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

DAVID JUAREZ
APPELLANT PETITIONER
VS
THE STATE OF TEXAS
APPELLEE RESPONDENT

IN   APPEAL NO. 05-12-01504-CR
FROM THE
COURT OF APPEAL
FOR THE FIFTH DISTRICT

FILED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

APPELLANTS PETITION FOR DISCRETIONRY REVIEW

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Comes now. DAVID JUAREZ, petitioner in the above styled numbers of cause, by Pro Se and pursant to, Tex. R. App. 70.1, respectfully Submits this Petition For Discretionary Review and in support of this review, he would Show this Honorable Court the following.

1

# IDENTITY OF PARTIES AND COUNSEL

This is an appeal from a Criminal conviction. The Only parties are Appellant, David Juarez, TDCJ # 01819621, Eastham Unit 2665 Prison Road No. 1, Lovelady, Texas, 75851 and the State of Texas, as represented by the Criminal District Attorney of Dallas County, Texas,

## ATTORNEYS FOR APPELLANT

At trial: Wayne D. Lacy, 892 Stegar Towne Road, Suite 11, Dallas, Texas 75201   SBN-11787200

On Appeal: Deborah Ellison Farris - 4136 High Summit Drive, Dallas, Texas 75244   SBN-06843200

## ATTORNEYS FOR STATE

At trial: Hershel Woods & - Kendall Castello - 133 N. Riverfront Blvd. Dallas, Texas  SBN-24048899   SBN-24040656

On Appeal: Appellate attorney designated by Craig Watkins. District Attorney  Dallas County - 133 N. Riverfront Blvd. Dallas, Texas 75207

## THE JUDGE

The Honorable Ernest White, III
194th Judicial District Court
Dallas County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL i
TABLE OF CONTENTS ii
INDEX OF AUTHORITES iii
STATEMENT OF THE CASE 2
ISSUES PRESENTED 3
STATEMENT OF FACTS 4
SUMMARY OF THE ARGUMENTS 9

POINT OF ERROR NO. 1, RESTATED 10

THE TRIAL COURTS JUDGMENT MUST BE MODIFIED TO RECITE THAT APPELLANT PLEADED NOT TRUE TO THE ENHANCEMETS.

POINT OF ERROR NO. 2, RESTATED 11

THE TRIAL COURTS ABUSED ITS DISCRETION BY ALLOWING THE STATE TO IMPEACH APPELLANT BEFORE THE JURY WITH HIS PRIOR CONVICTIONS FOR MURDER AND ATTEMPTED MURDER.

PRAYER 15
CERTIFICATE OF SERVICE 15
Ariticle II JUDICIAL NOTICE 16

# INDEX OF AUTHORITIES

## CASES

Asberry v. State, 813 S.W. 2d 526, 529 (Tex. App-Dallas 1991, pet ref'd)    10

Bigley v. State, 865 S.W. 2d 26, 27 (Tex. Crimi. App. 1993)    10

Butler v. State, 890 S.W. 2d 951, 954 (Tex App.-Waco 1995, pet. ref'd)    12

Theus v. State, 845 S.W. 2d 874, 881 (Tex. Crimi. App. 1992)    11, 12


## CODES

TEX. R. APP. P. 43.2(b)    10

TEX. R. EVID. 609 (a)    11

NO. 05-12-01504-CR

IN THE
COURT OF APPEALS
FOR THE
FIFTH DISTRICT OF TEXAS AT
DALLAS, TEXAS

---

DAVID JUAREZ
APPELLANT

VS.

THE STATE OF TEXAS
APPELLEE

---

TO THE HONORABLE COURT OF APPEALS

APPELLANT, DAVID JUAREZ, respectfully submits this brief related to his conviction in Cause No. F12-00872-MI. Before a jury, Appellant pleaded not guilty to the offense of aggravated assault. The jury found Appellant guilty of the offense. Appellant pleaded not true to the enhancements. The jury found true the enhancements and assessed Appellant's punishment at twenty-five (25) years imprisonment. The case was heard in the 194th Judicial District Court of DALLAS County, Texas, before the Honorable Ernest White, III, judge presiding.

-1-

# STATEMENT OF THE CASE

In Cause No. F12-00872-M, Appellant, David Juarez, was charged by indictment filed October 5, 2012, with the offense of aggravated assault with a deadly weapon, alleged to have been committed on or about October 15, 2011, in Dallas County, Texas. (CR.1-05).

Trial began on October 22, 2012, and reconvened October 23, 2012, at which time the jury was selected and sworn.(RR.IV).The Appellant entered a plea of not guilty to the offense, and the and the jury trial commenced.(RR.V-19).After receiving all the evidence, the jury found the Appellant guilty.(RR.VI-141; CR.1-47). Appellant pleaded not true to the enhancements. (RR.VII-6,18). Subsequently, the jury found true the enhancements and assessed Appellant's punishment at twenty-five (25) years imprisonment in the Texas Department of Criminal Justice, Institutional Division.(RR.VIII-4; CR.1-43).The Appellant excepted the verdict and filed a timely Notice of Appeal on October 26, 2012.(CR.1-54).

# ISSUES PRESENTED FOR REVIEW

## POINT OF ERROR NO. 1, RESTATED

THE TRIAL COURTS JUDGMENT MUST BE
MODIFIED TO RECITE THAT APPELLANT
PLEADED NOT TRUE TO THE ENHACEMENTS

## POINT OF ERROR NO. 2. RESTATED

THE TRIAL COURTS ABUSED ITS DISCREITION
BY AllOWING THE STATE TO IMPEACH
APPELLANT BEFORE THE JURY WITH
HIS PRIOR CONVICTIONS FOR MURER
AND ATTEMPTED MURDER.

# STATEMENT OF FACTS

The record reflects that most of the witnesses at the scene were related to each other. Appellant and the Complainant, Linda Lopez, are first cousins and have had a semi-romantic relatioship for ten years (RR.V-25). Carlos Cruz and Jessica Gomez live a common-law marriage. Carlos is Appellant's cousin. Brenda Cruz is Carlos' mother and her sister is the Complainant, Linda Lopez (RR.V-24, 27, 97). All these family members testified under protest or subpoena. (RR.V-29, 74, 97, 111). The record evidence showed that during the evening hours of October 15, 2011, Jessica Gomez and Carlos Cruz went to pick up his mother Brenda Cruz to visit Complainant and Appellant so they could all drink together. (RR.V-27). On arrival, they observed someone standing outside banging on Linda's apartment door. None of them were able to positively identify that person. (RR.V-28, 84). They parked their vehicle and heard screaming from Linda's apartment. (RR.V-T 28, 84) When they entered the apartment, they found Appellant kicking Linda as she lay on the floor crying with her head bleeding (RR.V-29, 114) Appellant and Linda both appeared to be drunk. (RR.V-76, 100). Appellant was cursing Linda as he kicked her (RR.V-106). A short while later, Linda seemed to have a seizure, as her body convulsed and she foamed at the mouth (RR.V-29, 76). Jessica observed Appellant grab a knife and threaten to kill Linda. (RR.V-30) Brenda saw Appellant throw a

-4-

knife into the kitchen. (RR.V-77). Carlos witnessed the melee and reacted when he observed Appellant kick Linda in the head while he cursed her (RR.V-113,118). He saw Appellant toss a knife in the kitchen. Carlos was able to calm down Appellant, remove him from the apartment and deposit him at a local bar (RR.V-95,105). Carlos returned to the apartment (RR V-95,105). There was testimony that Jennifer, a neighbor, called the police. (RR.V-31). Subsequently, the Grand Prairie Police and Fire Rescue Department arrived on the scene. Paramedic Daniel Dudley attended to the Complainant, later identified as Linda Lopez, who lay on the floor bleeding from a head injury (RR.V-121,131). officer Dudley spoke to Linda, as she sobbed, and learned from her, that she and boyfriend had been drinking and they got into a physical altercation (RR.V-131). Linda stated that her boyfriend held a knife to her throat, and when she tried to escape, he shoved her down and kicked her in the head (RR.V-127, 130). Dudley determined that Linda suffered a laceration above her right eye, blunt force injury to her lower abdominal area, abrasions to her left foot and that she needed to be transported to the hospital. (RR.V-120,122,123). Dudley arranged medical transport for complainant. (RR.V-130). Grand Prairie Police officer, Jared Oliver, responded to a disturbance call around 8:30 pm in Grand Prairie, Texas. (RR.VI-24,37) On arrival, he found a.

-5-

female victim later identified as Linda Lopez, lying in a puddle of blood, in a semi-conscious state, while several ladies applied pressure to the victims head Oliver attempted to stop the bleeding (RR.VI-22,23,24). Once the medics arrived, he was able to briefly speak to the Linda and ask her what happend. (RR.VI-25). Linda stated to him, with bated breath, that she and her boyfriend (identified as Appellant) got into an argument, and he threw her on the ground, kicked and stomped her in the head, held a knife to her throat and told her that he was going to cut her (RR.VI-25,27). Officer Oliver Juarez called for a crime scene investigator to respond to the location, Juarez identified a Kitchen Steak Knife found at the scene. (See States Exhibit #14) (RR.VI-28,29).

Complainant Linda Lopez testified that Appellant is her cousin and they have had a long term off and on, semi-intimate relationship. (RR.V-145,146). On the day in question she and Appellant had been drinking and During their meal they got into an argument, which became physical and that she blacked out (RR.V-150,151). Linda stated that she does not remember the alleged assault or that Appellant kicked her or used a knife (RR.V-153,154,156). She insisted that she blacked out from drinking too much and admitted that she becomes aggressive when she drinks. (RR.V-165,178). at trial, Linda's testimony changed several times, she does not deny that she may have stated to officers Osequera and Dudley that

Appellant held a knife to her throat but insisted that she does not remember telling them that Appellant kicked her multiple times.(RR. V-153,159,172). Linda admitted that she has no independent recollection of the events on the day in question other than what her sister Brenda told her.(RR.V-170). Complainant denied that Appellant is her boyfriend(RR.V-165). Complainant stated that all of the affidavits of non-prosecution she filed were rejected and that she has voluntarily spoken many times to Appellant during his incarceration. (RR.V-162,174,176,180). Appellant, David Juarez, age 34 years, testified on his own behalf and stated that he dropped out of school at age 16 years to help his mother. Appellant admitted that he went to prison for the offenses of murder and attempted murder and was sentenced to 20 years on each case.(RR.VI-55,59).He stated that he and Linda are cousins not boyfriend and girlfriend, as others believed, and that they often lived together to help out each other (RR.VI-60,68,85) He helped Linda move to a better neighborhood when she was having problems, contributed to her financial needs and lived with her on an off and on basis (RR.VI-62) On the night before the event in question, Appellant spent the night at his mother's house (RR.VI-62) The next day Linda called Appellant to go with her to visit her sister Kathy. On arrival, they drank all day and returned to Linda's apartment that evening (RR.V-62-64) Appellant does not remember anything after that other than when Carlos grabbed

him and he observed Linda on the ground (RR.VI-67). Appellant stated he would never hurt or intend to hurt Linda (RR.VI-68,76). He does not remember doing any of the things the witnesses testified that he did to Linda RR.VI-72 He stated that Linda is bipolar, an alcoholic, and that she often becomes aggressive when she is drunk.(RR.VI-83,84) Linda told Appellant that she fell and that she was not real sure what happened that evening.(RR.VI-83). Appellant has no memory of the events that occurred on October 15, 2011 (RR.VI-89,90). Appellant wore tennis shoe and to his knowledge, he did not use his foot in any manner that was intended to cause serious bodily injury or death to Linda.(RR.VI-108).

Grand Prairie, Police detective, Enrique Osequera, spoke to complainant Linda Lopez. on October 18, 2011. Linda agreed to a video taped interview (see State's Exhibit 2-A) (RR.VI-114).Based on that interview, Osequera Filed charge against Appellant (RR.VI-116,117).

The Complainant was taken by ambulance to the hospital. Complainant's medical records were admitted into evidence.(See State's Exhibit No 11).(RR.V-128; RR.IX). Paramedic Dudley testified that the Complainant's Parkland Hospital ER report recited as follows; "Complainant was given a 20-gauge IV to the left antecubital vein, blood pressure appeared normal, she appears medically competent, Clear speech with slow responses hematoma bruising noted on right forehead,

-8-

approximate three-inch superficial laceration to temporal scalp with no active bleeding. Further, abrasion to lateral left foot, bruising and tenderness noted to abdomen without distention." (RR.V-130-132). The report also recited, in part: "Patient got into an altercation with boyfriend approximately 20 minutes prior to arrival. Patient reports she was hit and kicked in the head. Had knife held to throat and positive lost consciousness for unknown period of time. Patient also report she made police report at scene, and patients boyfriend is not currently in custody to her knowledge. Patient denies that the perpetrator was her boyfriend" (RR.V-134), Dudley stated it is possible that a person being kicked in the head could have sustained these type of injuries, no traumatic brain injury (RR.V-132,133). Complainant admitted to him that she was under the influence of alcohol. Dudley admitted that Complainant's portrayal of the events changed. (RR.V-134).

-9-

## SUMMARY OF THE ARGUMENTS

Appellant argues in Point of Error Number 1, that the trial Court's Judgment recites that Appellant entered pleas of true to the enhancements. (RR)-47 The record clearly reflects that Appellant entered pleas of not true to the enhancements. (R.R.VII-6,18). Appellant submits that the trial Court's judgment must be modified to recite the truth and has the evidence to make the record speak the truth.

Appellant argues in Point of Error Number 2, that his prior convictions were too remote and had no probative value in impeaching his testimony, and that permitting the State to use these prior convictions resulted in unfair prejudice that denied him a fair trial. Thus his substantial rights were violated.

Based on all of the above, Appellant prays that the reviewing court modify the judgment to speak the truth and find that the trial court abused its discretion by allowing Appellants prior convictions into evidence and reverse the judgment, or in the alternative remand for a new trial or a new punishment hearing.

# POINT OF ERROR NO. 1. RESTATED

## THE TRIAL COURTS JUDGMENT MUST BE MODIFIED TO RECITE THAT APPELLANT PLEADED NOT TRUE TO THE ENHANCEMENTS

## ARGUMENTS AND AUTHORITY

Appellant makes the following arguments in support of Point of Error 1 listed above. Appellant was charged with aggravated assault, enhanced. The trial court's judgment recites that Appellant pleaded true to both enhancements (CR.1-47). The record clearly reflects that Appellant pleaded not true to each of the enhancements. (RR.VII-6,18). The trial courts judgment should be modified to speak the truth. (CR.1-47).

The reviewing court may modify a trial courts judgment to make the record speak the truth when it has the necessary information to do so. See TEX. R. APP. P.43.2(b); Bigley v. State. 865 S.W.2d 26.27 (Tex. Crim. App. 1993); Asberry V. State. 813 S.W.2d 526.529 (Tex. App-Dallas 1991, pet ref'd). That is what Appellant is asking this court to do. Appellant submits that the record sufficiently reflects that the trial courts judgment is incorrect, and Appellant urges this Honorable Court to modify the trial courts judgment and modify it to read not true to the enhancements.

-11-

# POINT OF ERROR NO. 2. RESTATED

THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE STATE TO IMPEACH APPELLANT BEFORE THE JURY WITH HIS PRIOR CONVICTIONS FOR MURDER AND ATTEMPTED MURDER (RR.VI-54).

## ARGUMENTS AND AUTHORITY

Appellant makes the following argument and cites the the following authorities and portions of the record in support of Point of Error No. 2. listed above. specifically, Appellant argues that his prior convictions were too remote and had no probative value in impeaching his testimony, and that permitting the State to use these prior convictions resulted in unfair prejudice that denied him a fair trial.

Outside the presence of the jury, the trial court conducted a hearing. The trial court ruled that the admission into evidence of Appellants prior convictions does not outweigh or unduly prejudice the defendant. (RR.VI-54).

The admissibility of prior convictions used to impeach a witness is governed under Rule 609 of the Texas Rules of Evidence. Rule 609 (a) allows the admission of a prior conviction into evidence for the purposes of impeachment, if the prior conviction involved a felony or a crime of moral turpitude. and the court determines the probative value "outweighs" its prejudicial effect. Appellant is cognizant that the reviewing court accords the trial court wide discretion when they review the trial courts decision admitting a prior conviction into evidence. See *Theus v State*. 845

-12-

S.W. 2d 874,881 (Tex Crim App.1992)

Appellant had two 1986 convictions for murder and attempted murder. (RR.VI-47; RR.IX at State's Exhibit 17,18) He received (20) twenty years confinement in each case. Appellant had a 1997 conviction for retaliation and was sentenced (2) two years confinement (RR.VI-47,48; RR.IX at State's Exhibit 20). Appellant's trial for the current offense began October 22,2012. Appellant submits that all his prior convictions were beyond the scope of ten (10) years. See Butler v. State, 890 S.W.2d 951,954 (Tex. App-Waco 1995, pet. ref.d). The tolled time for the offenses exceeded the ten year time period and should have been excluded, thus, subject to the trial court's discretion to admit the offenses into evidence.

The record does not show that the trial court performed any analysis of the probative value of the prior convictions, weighed against the prejudicial effect on the witness, before admitting the evidence of Appellant's convictions (RR.VI-54). The trial court simply ruled the Appellant's prior convictions would be admitted into evidence. Accordingly, the trial court should have applied the guidelines enumerated in Theus, 845 S.W.2d 881.

Appellant submits that the scale tipped severely when the trial court admitted his prior convictions and had an extremely high potential to prejudice. Most certainly

-13-

jurors cannot simply erase from their minds convictions for murder and attempted murder. Any trier of fact, could not help but be negatively influenced by the admission of that evidence. The admission of such evidence could only work to the Appellant's detriment. Appellant emphasizes that the state used his prior convictions as substantive evidence of guilt, ie, to show he was guilty because he was a criminal, generally, rather than to impeach his credibility. Appellant submits that the trial court's admission of Appellant's prior convictions into evidence showed that prejudice overwhelmed any impeachment value. It's probative value did not outweigh its prejudicial effect, and the admission of the prior conviction resulted in unfair prejudice that denied Appellant a fair trial.

Based on all the above, Appellant prays that the reviewing court find that the trial court abused its discretion by allowing Appellant's prior convictions into evidence and reverse the judgment, or in the alternative remand for a new trial or a new punishment hearing.

# PRAYER

Wherefore Premises Considered, Defendant David Juarez, moves the Court to set a hearing on this Petition for Discretionary Review, Appoint Counsel to represent him at the hearing and after the hearing, order that further execution of this Sentence be Suspended.

Respectfully Submitted

David Juarez

PRO SE

David Juarez #1819621

# CERTIFICATE OF SERVICE

The undersigned appellant petitioner hereby Certifies that a true and Correct Copy of the foregoing Petition for Discretionary Review has been mailed, U.S mail, postage prepaid, to the office of the Court of Appeals, Fifth District at Dallas, George Allen Sr. Courts Bldg, 2nd floor, 600 Commerce Street, Dallas, Texas 75202-4658 and to the Appeals Clerk Austin, Texas, P.O Box 12308, CAPITOL STATION, AUSTIN, TEXAS 78711 on this the __15__ day of __January__ 2015

David Juarez

David Juarez #1819621
Eastham Unit
2665 Prison Rd #1
Lovelady, Texas, 75851

-15-

# ARTICLE II JUDICIAL NOTICE

## Rule 201. Judicial Notice of adjudicative facts

(a) Scope of Rules This rule governs only judicial Notice of adjudicative facts

(b) Kinda of facts. A judicially noticed fact must be one not Subject to reasonable dispute in that it is either
(1) generally Know within the territorial jurisdiction of the trial court or
(2) Capable of accurate and ready determination by resort to Sources where accuracy cannot reasonably be questioned.

(c) When Discretionary. A Court may take judicial Notice whether requested or not.

(e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification the request may be made after judicial notice has been taken.

Appellant pro se . P.D.R
David Juarez #1819621

# APPENDIX

## Court of Appeals
### Fifth District of Texas at Dallas

## Opinion

Affirmed as Modified Filed October 30, 2014

**Affirmed as Modified and Opinion Filed October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01504-CR

### DAVID JUAREZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F12-00872-M

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers[1]
Opinion by Justice Bridges

A jury found appellant David Juarez guilty of aggravated assault and assessed his punishment—enhanced by previous convictions—at confinement for twenty-five years. Appellant raises two issues in this Court contending (1) the trial court's judgment does not accurately reflect his plea, and (2) the trial court erroneously allowed him to be impeached with prior convictions. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We modify the trial court's judgment to comport with appellant's plea and to reflect the trial court's finding on family violence, and we affirm the judgment as modified.

---

[1] Justice David Lewis was a member of the original panel and participated in the submission of this case; however, he did not participate in this opinion. Justice David Bridges has reviewed the record and the briefs in this case. *See* TEX. R. APP. P. 41.1(a).

The complaining witness in this case was Linda Lopez. Lopez is appellant's first cousin, and the jury found that she and appellant had a dating relationship or that appellant was a member of Lopez's family or household. The two lived together at the time of the charged assault. On the day of the assault, three members of Lopez's family arrived at her home and found appellant kicking her in the head while she lay crying on the floor. At trial, Carlos Cruz, Lopez's nephew, compared appellant's actions to "kicking a soccer ball." Cruz's common-law wife, Jessica Gomez, testified that Lopez was "knocked out" and then "started convulsing . . . [and s]tarted foaming out of her mouth." Gomez said her husband pulled appellant off of Lopez, but then appellant grabbed a knife from the kitchen, held it to the neck of the unconscious Lopez, and "told her that he was going to kill her." Brenda Cruz, Lopez's sister, testified that appellant threw the knife into the kitchen and then left the apartment. She described her sister's condition: "She was shaking, you know, her whole body was shaking, her eyes were rolling back and she was just laying there, bleeding and foaming out of the mouth."

Appellant was charged with aggravated assault with a deadly weapon. Both appellant and Lopez testified at trial that they had been drinking to such an extent that they remembered little to nothing of the events leading up to the altercation or the altercation itself.

In his first issue, appellant argues the trial court's judgment incorrectly indicates that he pleaded "true" to the two enhancement paragraphs when he actually pleaded "not true." The State agrees, and our review of the record confirms that appellant pleaded "not true" to each of the enhancement paragraphs. An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991, pet. ref'd). We sustain appellant's first issue, and we modify the trial court's judgment to comport with appellant's pleas.

Our review of the record also establishes that appellant's indictment included the following allegation:

> and further, the said defendant has and has had a dating relationship with the said complainant and the said defendant was a member of the complainant's family and household.

The jury found that appellant did have this relationship with Lopez. And at sentencing, the trial court made an affirmative finding of family violence on the record. The trial court's judgment, however, does not reflect that finding. The Texas Code of Criminal Procedure directs a trial court—if it determines a Title 5 offense against a person involves family violence—to "make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006). If the judgment does not reflect the trial court's finding of family violence, we will modify the judgment to do so. *See Anderson v. State,* No. 05-08-00864-CR, 2009 WL 3740783, at *4 (Tex. App.—Dallas Nov. 10, 2009, no pet.) (mem. op., not designated for publication). Accordingly, we further modify the trial court's judgment to include an affirmative finding of family violence.

In his second issue, appellant contends the trial court abused its discretion by allowing the State to impeach him with his prior convictions for murder and attempted murder. At a hearing to determine admissibility of the prior convictions, appellant argued they were more than ten years old and irrelevant to the current case. He also argued the convictions were more unfairly prejudicial than probative of his guilt. The trial court rejected these arguments and ruled the convictions were admissible for impeachment purposes if appellant testified.[2]

Appellant did testify, and shortly after his direct examination began, the following exchange took place between appellant and his attorney:

---

[2] The State also proved appellant had a prior conviction for retaliation, but the trial court did not allow the State to impeach appellant with that offense.

—3—

Q    Now, in 1986, you got into a great deal of trouble in Ellis County, Texas, correct?

A    That's correct.

Q    And you went to jail and eventually went to prison?

A    That's correct.

Q    For the offense of murder and attempted murder?

A    That's correct.

Q    And you were sentenced to 20 years in prison on each of those cases?

A    That's correct.

Thus, although appellant complains of the State's impeachment, it was appellant who adduced the evidence of the prior convictions himself during his direct examination. We conclude appellant waived any complaint he had with any preliminary ruling by introducing the evidence himself. *See, e.g., Ohler v. United States*, 529 U.S. 753, 760 (2000) ("[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error."); *Villasana v. State*, No. 05-07-00904-CR, 2008 WL 2841199, at *6 (Tex. App.—Dallas July 24, 2008, no pet.) ("Because appellant preemptively introduced evidence of these prior convictions on direct examination, he has waived his right to complain about this evidence on appeal.") (not designated for publication). We overrule appellant's second issue.

We modify the judgment in this case to reflect that appellant pleaded "not true" to both punishment-enhancement paragraphs and to include an affirmative finding of family violence.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID JUAREZ, Appellant

No. 05-12-01504-CR      V.

. THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-00872-M.
Opinion delivered by Justice Bridges,
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Plea to 1st Enhancement Paragraph:      **NOT TRUE**

Plea to 2nd Enhancement Paragraph:      **NOT TRUE**

The Court FINDS this offense involved family violence.

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered October 30, 2014.